OPINION
{¶ 1} Coy R. Troutman, plaintiff-appellant, appeals from a judgment of the Ohio Court of Claims, in which the court granted the motion to dismiss filed by the Ohio Department of Rehabilitation and Correction ("ODRC"), defendant-appellee.
 {¶ 2} In the early 1990s, appellant was convicted of numerous crimes in Lorain County and sentenced to a term of incarceration. While still incarcerated, on September 8, 2003, appellant filed a complaint alleging 18 "claims of negligence" against the ODRC seeking compensatory, declaratory, and injunctive relief. Although the precise nature of the claims in appellant's 95-page complaint are somewhat difficult to discern, it appears as though claims 1, 2, 3, 4, 5, 7, 8 alleged that his convictions for various crimes should have been for lesser degrees of the offenses based upon amendments to the Ohio Revised Code pursuant to Am.Sub.S.B. No. 2, effective July 1, 1996, as amended by Am.Sub.S.B. No. 269; claims 6 and 9 alleged his prior convictions for two offenses should be void because Am.Sub.S.B. No. 2 eliminated or added elements to the sections he was convicted under; claim 10 alleged that the parole board improperly determined his risk factors for parole eligibility consideration due to changes made by Am.Sub.S.B. No. 2; claim 11 alleged that the criminal trial court calculated his sentence improperly based upon changes to Am.Sub.S.B. No. 2; claims 12 and 13 alleged the parole authority applied the wrong administrative code rules to his parole board hearings based upon his convictions and sentences being void based upon Am.Sub.S.B. No. 2; claim 14 alleged that the specification that he was a major drug offender was improperly applied to extend his parole eligibility, and his former convictions should be void pursuant to Am.Sub.S.B. No. 2; claim 15 alleged the ODRC applied the wrong parole board guidelines because they were not properly adopted, classified him in the wrong offender category, and failed to follow the proper procedures in conducting his parole hearings; claim 16 alleged that the ODRC violated his rights in his parole hearings because the sentences imposed had either expired or had been stricken under Am.Sub.S.B. No. 2; claim 17 alleged the ODRC retaliated against him because he testified in defense of an inmate who was accused of assaulting corrections officers by changing his cell assignments and by charging him with baseless rule violations; and claim 18 alleged the ODRC violated his right against unlawful restraint.
 {¶ 3} On October 7, 2003, the ODRC filed a motion to dismiss, claiming that the Court of Claims lacked subject-matter jurisdiction over appellant's allegations, pursuant to Civ.R. 12(B)(1), and the complaint failed to state a claim upon which relief could be granted, pursuant to Civ.R. 12(B)(6). In response, appellant filed a motion for leave to amend his complaint. On November 17, 2003, the court denied appellant's motion to amend and granted the ODRC's motion to dismiss.
 {¶ 4} Appellant appealed the determination of the Court of Claims to this court, and, at the same time, filed a motion for relief from judgment with the Court of Claims, claiming that he had not been served with the ODRC's motion to dismiss. Because an appeal had been filed, the Court of Claims found that it did not have jurisdiction to hear appellant's motion for relief from judgment and denied it on December 24, 2003. On January 7, 2004, this court remanded the matter to the Court of Claims to address appellant's motion for relief from judgment. On February 26, 2004, the Court of Claims vacated its November 17, 2003 and December 24, 2003 entries, and granted appellant's motion for relief from judgment. On June 1, 2004, the Court of Claims granted ODRC's motion to dismiss appellant's complaint based upon Civ.R. 12(B)(1) and (B)(6). Appellant appeals the judgment of the Court of Claims, asserting the following assignment of error:
Judge Fred J. Shoemaker for court of claims of ohio violated his duty owed CIV.R.57, inclusive R.C. 2721.01 to R.C. 2721.15, R.C. 2505.02, R.C.124.34, and R.C.3.22, R.C.3.23.
 {¶ 5} Appellant argues in his assignment of error that the trial court erred in dismissing his complaint. The standard of review for a dismissal granted pursuant to Civ.R. 12(B)(1) and (B)(6) is de novo. Under Civ.R. 12(B)(1), lack of subject-matter jurisdiction, the question of law is whether the plaintiff has alleged any cause of action for which the court has authority to decide. McHenry v. Indus. Comm. (1990),68 Ohio App.3d 56, 62. Under Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, the court must determine whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Guess v.Wilkinson (1997), 123 Ohio App.3d 430, 434.
 {¶ 6} In his assignment of error, appellant fails to present any clear argument as to why the Court of Claims erred in dismissing his claims pursuant to Civ.R. 12(B)(1) and (B)(6). As explained above, the allegations in appellant's complaint are difficult to decipher. Many of his claims seem to allege that the provisions of Am.Sub.S.B. No. 2, as amended by Am.Sub.S.B. No. 269, should have been applied to his convictions and sentencing to render his convictions and sentences void. Insofar as appellant's claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 16 seek to retroactively apply the provisions of Am.Sub.S.B. No. 2, as amended by Am.Sub.S.B. No. 269, the Ohio Supreme Court has found that the refusal of the General Assembly to retroactively apply the differing provisions of Am.Sub.S.B. No. 2, as amended by Am.Sub.S.B. No. 269, to persons convicted and sentenced before July 1, 1996, does not violate their rights to equal protection and due process under theFourteenth Amendment to the United States Constitution. See State v.Rush (1998), 83 Ohio St.3d 53; State ex rel. Lemmon v. Ohio Adult ParoleAuth. (1997), 78 Ohio St.3d 186, 188. Therefore, although the trial court did not dismiss these claims on this basis, insofar as appellant's claims seek to retroactively apply Am.Sub.S.B. No. 2, as amended by Am.Sub.S.B. No. 269, such claims failed to state a claim upon which relief may be granted pursuant to Civ.R. 12(B)(6).
 {¶ 7} We further note that in several of his claims appellant also seems to assert, contrary to the above argument, that the ODRC was improperly applying the enactments of Am.Sub.S.B. No. 2, as amended by Am.Sub.S.B. No. 269, to his convictions and sentences. However, appellant's argument regarding this matter is unclear and we find that appellant has failed to state a claim upon which relief may be granted with regard to these allegations, as well.
 {¶ 8} The gist of appellant's allegations in claim 15 appears to be that the ODRC applied the wrong parole board guidelines, classified him in the wrong offender category, and failed to follow the proper procedures in conducting his parole hearings. Insofar as appellant is contesting the ultimate parole determinations, this court has before held that the Court of Claims has no jurisdiction to hear a claim attacking a parole board's decision to grant or deny parole. See Deavors v. OhioDept. of Rehab. Corr. (May 20, 1999), Franklin App. No. 98AP-1105. Further, insofar as appellant contests the offender classification in which he was placed, it is well-established that the Court of Claims will not interfere with the classification and placement of prisoners. SeeBell v. Wolfish (1979), 441 U.S. 520, 99 S.Ct. 1861. Therefore, the Court of Claims could have properly dismissed this claim pursuant to Civ.R. 12(B)(1) and (B)(6).
 {¶ 9} As for the allegations in claim 17 that the ODRC retaliated against him because he testified in defense of an inmate who was accused of assaulting corrections officers by changing his cell assignments and by charging him with unfounded rule violations, any claims involving retaliatory conduct are not cognizable in the Court of Claims. This court has held that an inmate's claims regarding retaliatory conduct are properly classified as constitutional claims actionable under Section 1983, Title 42, U.S. Code, which cannot be brought in the Court of Claims. See Deavors, supra. Therefore, the Court of Claims properly dismissed this claim pursuant to Civ.R. 12(B)(1). Additionally, to the extent that appellant alleges a claim of negligence based upon the change in his cell assignment, the ODRC is generally immune from liability arising from decisions regarding inmate transfer and placement under the discretionary immunity doctrine expressed in Reynolds v. State (1984),14 Ohio St.3d 68, 70. See, also, Deavors, supra; Bell, at 547. Therefore, this claim could also be properly dismissed under Civ.R. 12(B)(6).
 {¶ 10} Appellant alleged in claim 18 that the ODRC violated his right against unlawful restraint under R.C. 2905.03. However, R.C. 2905.03 is a criminal statute. The Court of Claims has exclusive, original jurisdiction over only civil actions against the state permitted by the waiver of immunity contained in R.C. 2743.02. R.C. 2743.02 does not confer jurisdiction to the Court of Claims to consider criminal charges that should be adjudicated in courts of common pleas. See Donaldson v.Court of Claims (May 19, 1992), Franklin App. No. 91AP-1218. Accordingly, the Court of Claims has no jurisdiction over alleged criminal violations by the ODRC or its employees, and the Court of Claims could have properly dismissed this claim under Civ.R. 12(B)(1).
 {¶ 11} In addition, insofar as the allegations in claim 18, or any of the other 17 claims, may be asserting a claim for false imprisonment, an action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appears that such judgment or order is void. SeeBennett v. Ohio Dept. of Rehab. Corr. (1991), 60 Ohio St.3d 107, 111, citing Diehl v. Friester (1882), 37 Ohio St. 473, 475. We have already found that the convictions and sentences were not void. Appellant makes no allegation that his imprisonment was not in accordance with the order of the sentencing court. Therefore, any claim for false imprisonment fails to state a claim for which relief may be granted pursuant to Civ.R. 12(B)(6). For these reasons, appellant's assignment of error is overruled.
 {¶ 12} Accordingly, appellant's assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
Klatt and Sadler, JJ., concur.