[Cite as *Perry v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-2830.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RAY A. PERRY

Plaintiff

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant
Case No. 2010-09574

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On March 17, 2011, plaintiff filed a motion to "order all settlement offers to be submitted" to the court. On March 23, 2011, plaintiff filed a motion for default judgment. On March 24, 2011, defendant filed a memorandum contra to plaintiff's motion and a motion for summary judgment pursuant to Civ.R. 56(B). On March 30, 2011, plaintiff filed a response to defendant's motion, and a motion to "order discovery." On March 31, 2011, plaintiff filed an additional response to defendant's motion. The motions are now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} With regard to plaintiff's motion for default judgment, plaintiff argues that defendant did not timely respond to his settlement demand and thus he is entitled to judgment in his favor. Plaintiff's motion "to order discovery" seeks an order from the court finding that defendant failed to comply with certain statutes. Upon review, plaintiff's motions are not well-taken and are DENIED.

{¶ 3} Civ.R. 56(C) states, in part, as follows:

{¶ 4} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 5} Plaintiff alleges that he has been unlawfully subject to the supervision of the Adult Parole Authority (APA), a department of defendant, since his release from prison on August 2, 2010. Plaintiff claims that such supervision amounts to "false imprisonment."

{¶ 6} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318.

{¶ 7} In support of its motion for summary judgment, defendant filed the affidavit of Melissa Adams, chief of defendant's Bureau of Sentence Computation. Adams states, in part, that in 1993 plaintiff was convicted of felonious assault, aggravated

burglary, and carrying a concealed weapon by the Cuyahoga County Court of Common Pleas, and that he was sentenced to a three-year prison term for a gun specification consecutive with an eight to 25-year prison term for the felonious assault and aggravated burglary charges. Adams further avers that plaintiff has been granted parole several times, but he has violated the conditions of his release on many of those occasions. Accordingly, plaintiff was declared a "violator at large" on January 15, 2002, November 15, 2004, and September 29, 2005, and convicted of additional felonies in 2003, 2005, and 2007, all by the Cuyahoga County Court of Common Pleas. Adams states that the result of plaintiff's time "at large" and additional convictions is that the expiration of his maximum sentence is April 13, 2023.

{¶ 8} Based upon the undisputed averments made by Adams, the court finds that inasmuch as plaintiff's lawful term of confinement does not expire until April 13, 2023, defendant was privileged to imprison or supervise plaintiff at all times relevant.

To the extent that plaintiff is challenging the sentences imposed upon him by the Cuyahoga County Court of Common Pleas, it is well-settled that a plaintiff may not substitute an action in the Court of Claims for a right of appeal in a different court. See *Hardy v. Belmont Corr. Inst.*, Ct. of Cl. No. 2004-09631, 2006-Ohio-623. "R.C. 2743.02 does not embrace jurisdiction to review criminal proceedings occurring in courts of common pleas." *Donaldson v. Court of Claims of Ohio* (May 19, 1992), Franklin App. No. 91AP-1218; see also *Troutman v. Ohio Dept. of Rehab. & Corr.*, Franklin App. Nos. 03AP-1240 and 04AP-670, 2005-Ohio-334.

{¶ 9} Based upon the foregoing, the court finds that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

Case No. 2010-09574                    - 4 -                                    ENTRY

_____
JOSEPH T. CLARK
Judge

cc:

Emily M. Simmons                        Ray A. Perry
Assistant Attorney General              1550 Superior Avenue
150 East Gay Street, 18th Floor         Cleveland, Ohio 44114
Columbus, Ohio 43215-3130

MR/cmd
Filed May 24, 2011
To S.C. reporter June 7, 2011