[Cite as *Perry v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-2831.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RAY A. PERRY

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant
    Case No. 2010-09752

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

DECISION

{¶ 1} This case is sua sponte assigned to Judge Joseph T. Clark to conduct all proceedings necessary for decision in this matter.

{¶ 2} On March 7, 2011, plaintiff filed a motion for default judgment. On March 21, 2011, defendant filed a memorandum contra to plaintiff's motion and a motion for summary judgment pursuant to Civ.R. 56(B). On March 28, 2011, plaintiff filed two responses to defendant's motion. On March 30, 2011, plaintiff filed an additional response to the motion. The motions are now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 3} With regard to plaintiff's motion for default judgment, plaintiff argues that defendant did not timely respond to his settlement demand and that he is thus entitled to judgment in his favor. Plaintiff's motion is not well-taken and is DENIED.

{¶ 4} Civ.R. 56(C) states, in part, as follows:

{¶ 5} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 6} Plaintiff asserts a claim for false imprisonment based upon his allegations that he completed his two-year sentence for the crime of escape and should have been released from defendant's custody on January 9, 2009, but was not released until August 2, 2010.

{¶ 7} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time * * *.'" *Bennett v. Ohio Dept. of Rehab. & Corr.* (1991), 60 Ohio St.3d 107, 109, quoting *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71. The elements of a false imprisonment claim are: 1) expiration of the lawful term of confinement; 2) intentional confinement after the expiration; and, 3) knowledge that the privilege initially justifying the confinement no longer exists. *Corder v. Ohio Dept. of Rehab. & Corr.* (1994), 94 Ohio App.3d 315, 318.

{¶ 8} In support of its motion, defendant filed the affidavit of Melissa Adams, who states:

{¶ 9} "1. I am the Chief of the Bureau of Sentence Computation (BOSC) of [defendant] and have held this position for one year. My job duties include but are not limited to direct responsibility for the BOSC, direct supervision of 45 staff members, review of sentence computations to ensure accuracy and compliance with Ohio law,

monitor, review and enforce BOSC policies, develop procedures relevant to inmate records, and oversee the training for BOSC staff.

{¶ 10} "2. I have personal knowledge and I am competent to testify to the facts contained in this Affidavit.

{¶ 11} "3. In March, 1993, [plaintiff], under Case No. CR291732, was convicted of felonious assault, aggravated burglary, and carrying a concealed weapon. His conviction and subsequent sentencing took place in the Cuyahoga County Court of Common Pleas.

{¶ 12} "4. Plaintiff was incarcerated on April 6, 1993, under DRC #273-070, serving a three year term for a gun specification consecutive with eight to twenty-five years for the felonious assault and aggravated burglary charges. In addition, he received ninety-nine days of jail time credit, Accordingly, the maximum expiration of his sentence at that time was computed as December 21, 2020.

{¶ 13} "5. Plaintiff was paroled on August 22, 2001 and was ordered to complete the remainder of his sentence under the supervision of [APA].

{¶ 14} "6. Plaintiff was declared at large on January 15, 2002 and was not restored to parole until April 7, 2002. Due to his time at large, eighty-two days of lost time was added to his maximum expiration of sentence changing it to March 13, 2021.

{¶ 15} "7. Plaintiff then committed another felony and was incarcerated on September 30, 2003, under DRC #434-102, to serve a two year term for escape plus three years of post-release control. He was sentenced in the Cuyahoga County Court of Common Pleas under Case No. CR420801. His parole was revoked on the previous charges and his sentences were aggregated.

{¶ 16} "8. Plaintiff was paroled on November 2, 2004, but was still required to fulfill his reporting obligations until the end of his sentences in Case. No CR291732. He was declared at large on November 15, 2004, and was not restored to parole until July 30, 2005. Consequently, he was assessed 257 days of lost time for the period of time he was at large.

{¶ 17} "9. In 2005, plaintiff was indicted for, and pled guilty to, escape in Case No. CR464744A. In light of his plea, plaintiff was sentenced to one year of community control under the supervision of APA. He was contemporaneously ordered to serve

fifty-five days in county jail after which his community control in Case No. CR464744A was terminated and he was released.

**{¶ 18}** "10.    Despite the fact that plaintiff fulfilled his obligations under the court order in Case No. CR464744A, his duty to report as a result of his conviction in Case No. CR291732 continued.

**{¶ 19}** "11.    Plaintiff, however, was once again declared at large on September 29, 2005 and was not restored to parole until February 15, 2007. Consequently, he was assessed 504 days for time lost during the at large period.

**{¶ 20}** "12.    As a result of the lost time amounts, plaintiff's maximum expiration of sentence changed to April 13, 2023.

**{¶ 21}** "13.    Since plaintiff failed to meet his reporting obligations, he was indicted for, and convicted of, escape in Case No. CR474846.

**{¶ 22}** "14.    Plaintiff was incarcerated on September 27, 2007, under DRC #534311, to serve a two year term for escape plus two years for post-release control. He was sentenced in the Cuyahoga County Court of Common Pleas under Case No. CR474846. On the court's journal entry, the Cuyahoga County Sheriff's Office was instructed to calculate jail time credit.

**{¶ 23}** "15.    On March 16, 2009 the court awarded plaintiff with 132 days of jail time credit, which was thereafter applied to this sentence by [defendant]. The expiration of plaintiff's two year term for escape under Case No. CR474846 will occur on May 6, 2009.

**{¶ 24}** "16.    Plaintiff's parole in Case No. CR291732 was again revoked and the maximum expiration of his sentence became, and remains, April 13, 2023.

**{¶ 25}** "17.    Plaintiff is currently incarcerated at Lake Erie Correctional Institution as a result of his conviction in Case. No. CR474846 and the revocation of his parole in Case No. CR291732."[1]

**{¶ 26}** Based upon the undisputed averments made by Adams, the court finds that inasmuch as plaintiff's lawful term of imprisonment does not expire until April 13, 2023, defendant was privileged to imprison or supervise plaintiff at all times relevant.

With regard to plaintiff's claim that the APA improperly revoked his parole following his conviction for escape in 2007, it has been consistently held that the APA's decision to revoke parole is an exercise of an executive function involving a high degree of official judgment or discretion pursuant to legislative authority and, as such, is not actionable under the discretionary immunity doctrine. *Johnson v. Adult Parole Auth.* (Feb. 15, 2000), Franklin App. No. 99AP-522; see also *Reynolds v. State* (1984), 14 Ohio St.3d 68.

{¶ 27} To the extent that plaintiff is challenging the sentences imposed upon him by the Cuyahoga County Court of Common Pleas, it is well-settled that a plaintiff may not substitute an action in the Court of Claims for a right of appeal in a different court. See *Hardy v. Belmont Corr. Inst.*, Ct. of Cl. No. 2004-09631, 2006-Ohio-623. "R.C. 2743.02 does not embrace jurisdiction to review criminal proceedings occurring in courts of common pleas." *Donaldson v. Court of Claims of Ohio* (May 19, 1992), Franklin App. No. 91AP-1218; see also *Troutman v. Ohio Dept. of Rehab. & Corr.*, Franklin App. Nos. 03AP-1240 and 04AP-670, 2005-Ohio-334.

{¶ 28} Based upon the foregoing, the court finds that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RAY A. PERRY

    Plaintiff

    v.

---

[1]Plaintiff states in his complaint that he was released from defendant's custody on August 2, 2010, and the court's docket shows that plaintiff is not currently in defendant's custody.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant
     Case No. 2010-09752

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

<u>JUDGMENT ENTRY</u>


A non-oral hearing was conducted in this case upon defendant's motion for summary judgment.  For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


                        _____
                        JOSEPH T. CLARK
                        Judge

cc:


Emily M. Simmons               Ray A. Perry
Assistant Attorney General       1550 Superior Avenue
150 East Gay Street, 18th Floor    Cleveland, Ohio 44114
Columbus, Ohio 43215-3130

MR/cmd
Filed May 27, 2011
To S.C. reporter June 7, 2011