[Cite as *Byrd v. Supreme Court of Ohio*, 2016-Ohio-7210.]

| | |
|---|---|
| HOUSTON BYRD, JR. | Case No. 2016-00274-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| | MEMORANDUM DECISION |
| SUPREME COURT OF OHIO | |
| Defendant | |

{¶1} On April 12, 2016, pursuant to an order of this court requiring plaintiff, Houston Byrd, Jr. (hereinafter plaintiff), to file an amended complaint, plaintiff filed his amended complaint which consisted of plaintiff referring to the claim form and exhibits he filed with his original complaint. On May 23, 2016, defendant, the Supreme Court of Ohio (hereinafter defendant), filed a motion to dismiss plaintiff's claim pursuant to Civ.R. 12(B)(6) because his amended complaint fails to state any viable claim for relief against defendant. Further, defendant argues that to the extent plaintiff is attempting to assert constitutional or criminal claims against defendant, the court lacks jurisdiction to hear such claims and these claims should be dismissed pursuant to Civ.R. 12(B)(1). Plaintiff filed a response to defendant's motion to dismiss on May 31, 2016. On June 24, 2016, defendant filed its investigation report that includes similar arguments to their May 23, 2016 Motion to Dismiss. Plaintiff filed two responses to defendant's investigation report, the first on July 1, 2016, and the second on July 7, 2016.

{¶2} Based on a review of plaintiff's submissions to the court, the court has identified two issues or claims made by plaintiff. First, plaintiff takes issue with defendant's Clerk of Court failure to accept a filing submitted to defendant by plaintiff, and the Ohio Disciplinary Counsel (hereinafter ODC) failing to respond or address plaintiff's complaints with regard to the Clerk's failure to accept plaintiff's filings. Second, plaintiff takes issue with a case in the Franklin County Court of Common Pleas in which plaintiff believes the judge committed misconduct and the ODC failed to respond.

{¶3} With regard to the first issue, defendant, in its motion to dismiss, argues that plaintiff's assertions are barred by the public duty doctrine. Under R.C. 2743.02(A)(3)(a), "the state is immune from liability in any civil action or proceeding involving the performance or nonperformance of a public duty." R.C. 2743.01 defines "public duty" to include "any statutory, regulatory, or assumed duty concerning any action or omission of the state involving any of the following: * * * [p]ermitting, certifying, licensing, inspecting, investigating, supervising, regulating, auditing, monitoring, law enforcement, or emergency response activity." The statute contains an exception that applies only in the instance of a special relationship. A special relationship sufficient to overcome immunity exists where there is (1) an assumption by the state, by means of promises or actions, of an affirmative duty to act on behalf of the injured party; (2) knowledge of the party and of the state's agents that inaction of the state could lead to harm; (3) some form of direct contact between the state's agents and the injured party; and (4) the injured party's justifiable reliance on the state's affirmative undertaking. R.C. 2743.02(A)(3)(b).

{¶4} Defendant argues that plaintiff failed to demonstrate that he had a "special relationship" with defendant or any of its purported agents because neither the Court, Clerk, nor ODC undertook any affirmative duty to act on behalf of plaintiff. Further, defendant argues that while ODC is generally tasked with investigating claims of attorney and judicial misconduct, the March 15, 2016 correspondence referenced by plaintiff does not establish an affirmative undertaking by the ODC to act for, or on behalf of, plaintiff.

{¶5} The court agrees with defendant that plaintiff's claims with regard to defendant and its alleged failure to file plaintiff's documents are barred by the public duty doctrine. There is no evidence presented by plaintiff that defendant or its employees assumed an affirmative duty to act on behalf of plaintiff. The documents plaintiff submitted show the clerk's conformance to defendant's rules. Further, the court

also agrees with defendant that, to the extent that plaintiff's claims can be construed as a claim directly against the against the Supreme Court of Ohio or its Justices, Ohio judges have absolute immunity for actions taken within their official discretion. *Elliott v. Ohio Dept. of Ins.,* 88 Ohio App.3d 1, 8, 623 N.E.2d 87 (10th Dist. 1993), citing *Willitzer v. McCloud,* 6 Ohio St.3d 447, 449, 453 N.E.2d 693 (1983).

**{¶6}** Further, to the extent that any of plaintiff's claims can be construed as constitutional claims against defendant, this court does not have jurisdiction over those claims. It is well-settled that the court of claims does not have jurisdiction to hear constitutional claims brought against the state. *Bleicher v. Univ. of Cincinnati Coll. of Med.*, 78 Ohio App.3d 302, 604 N.E.2d 783 (10th Dist. 1992). This court has consistently held that there exists no right of action against the State of Ohio under Title 42 U.S.C. § 1983 because the state is not a "person" within the meaning of Section 1983. *Jett v. Dallas Indep. School Dist.,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989).

**{¶7}** Similarly, this court does not have jurisdiction over any alleged criminal claims against defendant in plaintiff's complaint. "R.C. 2743.02 does not confer jurisdiction to the Court of Claims to consider criminal charges that should be adjudicated in the courts of common pleas." *Howard v. Supreme Court of Ohio,* 10th Dist. Nos. 04AP-1093 & 04AP-1272, 2005-Ohio-2130, ¶ 15, citing *Troutman v. Ohio Dept. of Rehab. and Corr.,* 10th Dist. Nos. 03AP-1240 & 04AP-670, 2005-Ohio-334, ¶ 17. As such, plaintiff has failed to state a claim for which relief can be granted, and defendant's motion to dismiss is GRANTED.

| | |
|---|---|
| HOUSTON BYRD, JR. | Case No. 2016-00274-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| | <u>ENTRY OF ADMINISTRATIVE</u> |

| SUPREME COURT OF OHIO | DETERMINATION |
|---|---|
| Defendant | |

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MARK H. REED
Clerk

Entry cc:

Houston Byrd, Jr.
241 N. 10th Street
Newark, Ohio 43055

Nicole M. Koppitch, Associate Assistant
Attorney General, Counsel for Defendant
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215

Filed 9/18/16
Sent to S.C. Reporter