[Cite as *McDougald v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-6697.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jerone McDougald, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 20AP-218 |
| v. | : | (Ct. of Cl. No. 2019-00352JD) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on December 15, 2020

**On brief:** *Jerone McDougald*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Howard H. Harcha, IV, Timothy M. Miller*, and *Gregory S. Young*, for appellee.

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Jerone McDougald, pro se, appeals from an entry of the Court of Claims of Ohio granting the summary judgment motion of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Appellant is an inmate in the custody and control of ODRC at the Southern Ohio Correctional Facility. On May 2, 2016, ODRC's employees applied force to appellant by using OC spray.[1] Appellant was taken to the facility's medical department that same day.

---

[1] " 'OC spray' is another term for pepper spray." *State ex rel. McDougald v. Greene*, ___ Ohio St.3d ____, 2020-Ohio-3686, fn. 6, citing *Henley v. Dept. of Rehab. & Corr.*, Ct. of Claims No. 2014-00275, 2016-Ohio-1276, ¶ 5.

Appellant filed a use-of-force complaint and the institutional inspector investigated his complaint. As part of that review, the institutional inspector reviewed "the surveillance video of the use-of-force, along with incident reports, conduct reports, and inmate McDougald's medical exam report." (Mahlman Aff. at ¶ 4, attached to ODRC's Mot. for Sum. Jgmt.) In appellant's medical exam report, he received medical attention and stated, " 'I'm ok.' " (Mahlman Aff. at ¶ 4.) The findings in the medical exam report note that appellant was "alert and oriented X3 and both eyes were red and watering, face flushed, and clear nasal drainage noted to both nares, no injuries noted." (Disposition of Grievance attached to ODRC's Mot. for Sum. Jgmt.) On June 10, 2016, the institutional inspector responded in writing to appellant's grievance, informing appellant the incident had been referred to the use-of-force committee for review in accordance with ODRC policy. The institutional inspector also informed appellant that no policies were violated and denied his grievance.

{¶ 3} On December 1, 2017, appellant viewed the May 2, 2016 use-of-force surveillance video. ODRC did not preserve any video of appellant's medical treatment and the interactions with medical staff. ODRC has a policy that it does not preserve video footage beyond 14 days unless the video is part of an official investigation. Since there was no investigation into appellant's medical treatment, new video was recorded over the existing medical treatment video after 14 days.

{¶ 4} On March 14, 2019, appellant filed a claim alleging ODRC was negligent in failing to maintain the medical treatment video, and the failure to maintain it prejudiced appellant in his 1983 civil action (case No. 1:16-cv-00900-SJD-KU.) On December 16, 2019, ODRC filed a motion for summary judgment. The Court of Claims granted ODRC's motion for summary judgment on February 20, 2020.

## II. Assignment of Error

{¶ 5} Appellant appeals and assigns the following assignment of error for our review:

> The trial court failed when it found that my claim was outside
> [the] statute of limitations.

### III. Analysis

{¶ 6}   By his assignment of error, appellant contends the Court of Claims erred in granting ODRC's motion for summary judgment finding that his claim was barred by the statute of limitations.

{¶ 7}   We review a grant of summary judgment de novo.  *Capella III, L.L.C. v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548 (2001).  "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision."  (Quotations and citations omitted.)  *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9.  Summary judgment is appropriate where "the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made."  *Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6.  In ruling on a motion for summary judgment, the court must resolve all doubts and construe the evidence in favor of the non-moving party.  *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8.  Therefore, we undertake an independent review to determine whether ODRC was entitled to judgment as a matter of law on appellant's claims.

{¶ 8}   The applicable statute of limitations for claims brought in the Court of Claims is set forth in R.C. 2743.16(A), which provides, in pertinent part, as follows:  "[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."  " 'Generally, a cause of action accrues at the time the wrongful act is committed.' "  *Union Savs. Bank v. Lawyers Title Ins. Co.*, 10th Dist. No. 10AP-226, 2010-Ohio-6396, ¶ 25, quoting *Harris v. Liston*, 86 Ohio St.3d 203, 205 (1999).

{¶ 9}   In this case, the cause of action accrued 14 days after appellant received medical treatment when new video was recorded over the existing medical treatment videotape.  Thus, the two-year statute of limitations began to run on May 16, 2016 (May 2nd + 14 days = May 16, 2016).  Appellant had until May 16, 2018 to file his cause of action.  However, appellant did not file this action until March 14, 2019, after the statute of limitations had expired.  Thus, appellant's cause of action is barred by the statute of limitations.

{¶ 10} Appellant argues he did not discover that the medical treatment videotape had not been preserved until December 1, 2017, when he viewed the May 2, 2016 use-of-force surveillance video. Thus, he argues the two years did not begin to run until December 1, 2017.

{¶ 11} The "discovery rule" generally provides "that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury." *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 179 (1989). Under Ohio law, the general rule is that "a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." *Marok v. Ohio State Univ.*, 10th Dist. No. 13AP-12, 2014-Ohio-1184, ¶ 25, citing *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998). However, the discovery rule is an exception to the general rule. *Id.* We need not address the discovery rule here, however, because appellant points us to no authority that it would apply to the facts of this case.

{¶ 12} In his amended brief, appellant contends that in a separate action, *McDougald v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2020-00081JD, ODRC filed a Civ.R. 12(B)(6) motion to dismiss arguing appellant's complaint was untimely.[2] The Court of Claims denied the motion to dismiss because the complaint did not, on its face, demonstrate that the claim was untimely. Although appellant does not specifically make an argument, we discern he argues that the Court of Claims should have also denied ODRC's summary judgment motion based on the same reasoning. However, appellant fails to recognize the difference between a Civ.R. 12(B)(6) motion and a Civ.R. 56 motion for summary judgment. A "[d]ismissal pursuant to Civ.R. 12(B)(6) based upon a statute of limitations is proper only when the complaint conclusively shows that the action is time barred." *Jones v. Chillicothe Corr. Inst.*, 10th Dist. No. 11AP-758, 2012-Ohio-1762, ¶ 4, citing *Leichliter v. Natl. City Bank of Columbus*, 134 Ohio App.3d 26 (10th Dist.1999). In *Rooney v. Ohio State Hwy. Patrol*, 10th Dist. No. 16AP-204, 2017-Ohio-1123, ¶ 13, this court stated: "In considering a Civ.R. 12(B)(6) motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). Rather, the trial court must limit its consideration

---

[2] ODRC argues appellant cannot assert this argument because he did not do so in the Court of Claims, relying on *Tchankpa v. Ascena Retail Group, Inc.*, 10th Dist. No. 19AP-760, 2020-Ohio-3291, ¶ 20, since the failure to raise an argument in response to a motion for summary judgment waives the argument for purposes of appellate review. However, the Court of Claims did not deny the motion to dismiss until June 17, 2020 in case No. 2020-00081JD. Thus, appellant could not have raised this argument in the Court of Claims. Since we find appellant's argument is without merit, there is no prejudice or error.

to the four corners of the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus."

{¶ **13**} A Civ.R. 56 motion for summary judgment differs from a Civ.R. 12(B)(6) motion because a trial court is permitted to consider evidence in the record in addition to the complaint. In this case, ODRC submitted evidence in support of its motion that the Court of Claims relied upon in its decision. Appellant's argument is not applicable to these facts and has no merit. Appellant's assignment of error is overruled.

## IV. Conclusion

{¶ **14**} Because appellant's complaint was filed after the statute of limitations expired, we overrule his assignment of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

KLATT and NELSON, JJ., concur.

———————————