[Cite as *Gipson v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-226.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Timothy W. Gipson et al., | : | |
| Plaintiffs-Appellants, | : | |
| | : | No. 23AP-291 |
| v. | : | (Ct. of Cl. No. 2023-00067JD) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on January 23, 2024

**On brief:** *Timothy W. Gipson*, and *Julie B. Gipson*, pro se. **Argued:** *Timothy W. Gipson*.

**On brief:** *Dave Yost*, Attorney General, and *Michelle C. Brizes*, for appellee. **Argued:** *Timothy M. Miller*.

APPEAL from the Court of Claims of Ohio

BEATTY BLUNT, J.

{¶ 1} Plaintiffs-appellants, Timothy W. Gipson and Julie B. Gipson, appeal from the April 19, 2023 judgment of the Court of Claims of Ohio granting the motion of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), to dismiss appellants' complaint. For the reasons that follow, we affirm the judgment of the trial court.

**I. Facts and Procedural History**

{¶ 2} This case arises from the alleged actions of a former inmate and current parolee by the name of Andre L. Curry. In essence, appellants allege that the failure of ODRC to investigate alleged crimes committed by Curry while on parole, including crimes committed directly against appellants, resulted in Curry not being sent back to prison in

2009 when he allegedly first began harassing and "torturing" appellants. (*See generally* Jan. 26, 2023 Compl.)

{¶ 3} Appellants filed a complaint against ODRC in the Court of Claims on January 26, 2023, asserting claims for "tampering with evidence" in violation of R.C. 2921.12 and failing to investigate why certain unspecified information regarding Curry was not sent to Curry's "P.O. Officer." (Compl. at ¶ 12.) The complaint further alleged various criminal activities of Curry, including threatening behavior and violence displayed by Curry toward appellant. *Id*. at ¶ 13. In essence, appellants allege that had the unspecified information been sent to Curry's P.O. officer in 2015 or 2016, Curry would have been returned to prison. *Id*. at ¶ 12. Appellants sought damages of 20 million dollars. *Id*. at ¶ 14.

{¶ 4} On February 21, 2023, ODRC filed a motion to dismiss the complaint in its entirety. (Feb. 21, 2023 Mot. to Dismiss.) In its motion, ODRC argued that the Court of Claims does not have subject-matter jurisdiction over the alleged criminal violation, and that to the extent appellants allege that ODRC failed to perform an investigation in 2015 or 2016, such a claim is time-barred by the relevant statute of limitations. (*See* Mot. to Dismiss at 3.)

{¶ 5} Thereafter, on April 19, 2023, the trial court issued its entry of dismissal. (Apr. 19, 2023 Entry of Dismissal.) In it, the trial court found that it lacked subject-jurisdiction over appellants' claim for tampering with evidence. *Id*. at 3. The trial court further found that appellants' claim regarding ODRC's failure to investigate was barred by the statute of limitations set forth in R.C. 2743.16(A). *Id*. at 3-4. The trial court dismissed the complaint in its entirety. *Id*. at 4.

{¶ 6} This timely appeal followed and is now before the court.

## II. Assignment of Error

{¶ 7} Appellants assert the following assignment of error for our review:

> The trial court erred and abused its discretion in dismissing appellant's action.

## III. Law and Analysis

{¶ 8} In appellants' sole assignment of error, they contend that the trial court erred and abused its discretion by dismissing their complaint. As explained below, we disagree.

{¶ 9}    As an initial matter, it must be noted that although appellants argue that the trial court dismissed their complaint based on a failure to prosecute pursuant to Civ. 41(B)(1), this is patently incorrect.  The record clearly shows the motion to dismiss filed by ODRC was made pursuant to Civ.R. 12(B)(1) (lack of subject-matter jurisdiction) and Civ.R. 12(B)(6) (failure to state a claim), and the record is equally clear the proper standards for each rule were applied by the trial court in both considering the motion and ultimately dismissing appellants' complaint.

### A.  Tampering With Evidence Claim

{¶ 10}  The trial court dismissed appellants' claim for tampering with evidence for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1).  A de novo standard of review is employed when reviewing a judgment on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction.  *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7; *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶ 11}  Civ.R. 12(B)(1) requires dismissal where the trial court lacks jurisdiction over the subject matter of the litigation.  "Subject-matter jurisdiction involves ' "a court's power to hear and decide a case on the merits and does not relate to the rights of the parties." ' " *Moore v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-599, 2019-Ohio-767, ¶ 4, quoting *Robinson v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.  A court presented with a motion to dismiss for lack of subject-matter jurisdiction must determine whether the complaint states any cause of action cognizable by the forum.  *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989); *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 21.  Subject-matter jurisdiction is "a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1080, ¶ 11; *State ex rel. Ohio Democratic Party v. Blackwell,* 111 Ohio St.3d 246, 2006-Ohio-5202, ¶ 8.  In deciding a motion to dismiss for lack of subject-matter jurisdiction, the trial court may consider evidence outside of the complaint.  *Brown v. Ohio Tax Commr.*, 10th Dist. No. 11AP-349, 2012-Ohio-5768, ¶ 14, citing *Cerrone v. Univ. of Toledo*, 10th Dist. No. 11AP-573, 2012-Ohio-953, ¶ 5; *Southgate*

*Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 12} The Court of Claims is a court of limited jurisdiction and has exclusive, original jurisdiction over only civil actions against the state specifically permitted by the waiver of immunity set forth in R.C. 2743.02. *Troutman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 03AP-1240, 2005-Ohio-334, ¶ 10. Thus, the Court of Claims does not have jurisdiction over criminal matters against the state. *Id.* Accordingly, the Court of Claims lacks jurisdiction " 'to determine whether or not a crime has occurred for the purpose of awarding civil penalties for criminal violations of state statute.' " *Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 18AP-713, 2019-Ohio-3788, ¶ 12, quoting *Burse v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-452, 2019-Ohio-2882, ¶ 18.

{¶ 13} Here, appellants' claim for tampering with evidence is premised upon the violation of R.C. 2921.12, a crime established by statute. Based on the foregoing authorities, it is clear the trial court lacked subject-matter jurisdiction over appellants' claim for tampering with evidence in violation of R.C. 2921.12 against ODRC. Therefore, the trial court neither erred nor abused its discretion in dismissing this claim.

### B. Failure to Investigate Claim

{¶ 14} Next, with regard to appellants' claim for failure to investigate, the trial court dismissed this claim for failure to state a claim upon which relief may be granted pursuant to Civ.R. 12(B)(6), based on the relevant statute of limitations. A de novo standard of review is employed when reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Pankey*, 2014-Ohio-2907 at ¶ 7; Foreman, 2014-Ohio-2793 at ¶ 9, citing *Perrysburg Twp.*, 2004-Ohio-4362 at ¶ 5.

{¶ 15} A motion to dismiss pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. Of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). A trial court may not rely on allegations or evidence outside the complaint when reviewing a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). In addition, the trial court must presume all factual allegations contained in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40

Ohio St.3d 190, 192 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Lane v. U.S. Bank, N.A.*, 10th Dist. No. 22AP-358, 2023-Ohio-1552, ¶ 23, citing *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 16} Pursuant to R.C. 2743.16(A), all actions brought in the Court of Claims must be filed within two years of the date the cause of action accrued. R.C. 2743.16(A); *Smith v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 22AP-604, 2023-Ohio-1007, ¶ 15. Generally, a cause of action accrues, and the statute of limitations begins to run at the time the alleged wrongful act was committed. (Further citations omitted.) *Smith*, citing *McDougald v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-218, 2020-Ohio-6697, ¶ 11. When it is clear on the face of the complaint that a claim is barred by the statute of limitations, a court may properly grant a motion to dismiss. *Id.*, citing *Coleman v. Columbus State Community College*, 10th Dist. No. 15AP-119, 2015-Ohio-4685, ¶ 6.

{¶ 17} Here, appellants' claim for ODRC's failure to investigate alleges that such failure occurred in 2015 and/or 2016. As noted above, appellants filed their complaint on January 26, 2023, at least five years after the statute of limitations for a claim brought against the state in the Court of Claims had expired. Thus, the face of the complaint clearly shows this claim is time-barred by R.C. 2743.16(A). Therefore, based on the foregoing authorities, the trial court neither erred nor abused its discretion in dismissing this claim.

{¶ 18} Accordingly, for all the foregoing reasons, appellants' sole assignment of error is overruled.

## IV. Disposition

{¶ 19} Having overruled appellants' sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

MENTEL, P.J. and JAMISON, J., concur.

————————